## BARTON VS. KANE.

In an action for the contract price of goods sent to order, where the plaintiff's evidence tended to show that they corresponded with the order in quality but exceeded it in *quantity ;* that the defendant was duly notified of such excess, by bill and letter, and, after such notification and receipt of the goods, acknowledged by letter their receipt—there being no evidence that he refused to accept them—it was error to nonsuit the plaintiff.

The jury might fairly infer from the fact of acknowledgment that the defendant accepted the goods regardless of quantity or quality.

*It seems* that where goods sent vary in quantity from the buyer's order, if they actually come to his possession, or if a bill specifying the quantity and description be actually received by him, he will be liable unless he notifies the seller of his refusal to accept on that ground.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for the contract price of cigars and tobacco sold and delivered to the defendant by the plaintiff. Answer, that the cigars were ordered by sample ; that those sent were greatly inferior to the samples, and a greater quantity than the defendant ordered ; that he had therefore refused to accept any part of them, notifying the plaintiff of his non-acceptance, and had stored them away subject to plaintiff's order until they were destroyed by fire without fault of the defendant. On the trial, the deposition of one Schrauber, who acted as plaintiff's agent in negotiating the sale, was read. Witness testified that in October, 1860, he showed defendant samples of cigars, and took an order from him for five thousand like the samples, at

$25 per thousand; that the cigars were sent in December following, were packed by the witness himself, and were in good condition and equal to the samples. Samuel Quinlin, for the plaintiff, testified that he made cigars for the plaintiff and kept his books from 1855 to 1861; gave Schrauber the samples he had with him when he went west in 1860, and helped him pack them in his trunk; they were taken from the same piles from which the order was afterwards filled; the stock was precisely the same, and witness thought those sent in bulk must have been in better condition than the samples; when the bulk was sent, witness assisted Schrauber to pack the cigars; the case was not quite full when they got in the 5,000, and they put in 625 more to keep them from shaking and make them more secure. Witness managed the plaintiff's business correspondence at that time, and identified a letter shown him as one that he had put in the post office for the defendant on or about the day of its date. The letter was dated December 19, 1860, contained a bill of the 5,625 cigars, and added, "I send you a few more than ordered, so as to fill the case." A few weeks after this letter was sent, witness received in due course of mail a reply from *Mr. Kane*, in which there was an acknowledgment of the receipt of the goods.

The plaintiff here rested; a motion by the defendant for a nonsuit was granted; and the plaintiff appealed.

*Wm. G. Whipple*, for appellant.

*Duncan E. Cameron*, for respondent:

The plaintiff having exceeded the defendant's order and not having shown an actual and unequivocal acceptance of the cigars by the defendant, was properly nonsuited. See the decision of this court on the former appeal in this cause, 17 Wis., 43, 44. After receipt of the goods the defendant was entitled to a reasonable time to examine them, to see if they agreed with the order in quantity and quality. Story on Sales, § 418; *Hargous v. Stone*, 1 Seld., 73; *Shindler v. Houston*, 1 Coms., 261. A bare acknowledgment of the receipt of goods is no

acceptance. Hilliard on Sales (Old Ed.), 135. See also Story on Sales, § 276.

*By the Court*, DIXON, C. J. We are of opinion that the judgment of nonsuit must be set aside and a new trial granted in this case. The question is, whether there was any evidence on which the jury could be justified in finding that *Kane* received the goods and actually accepted the same, so as to render him liable as buyer. The case stands differently from what it stood when before this court at the January term, 1863. At that time it appeared from a statement of the defendant received in evidence before the plaintiff rested his cause, that the defendant, in a letter of the 29th of December, in reply to the plaintiff's letter of the 19th inclosing the invoice, notified the plaintiff of his refusal to accept the cigars, "that the cigars were not such as were ordered, and that they were subject to the plaintiff's order," &c. As the case now stands, it appears that the defendant received the cigars and the invoice, and only that he *acknowledged* the receipt by letter. There is no evidence of a refusal or notice of refusal on any ground. On the contrary, the plain inference derived from the fact of acknowledgment is, that the defendant accepted the goods regardless of quantity or quality. Under these circumstances we have no hesitation in saying that the nonsuit was erroneous, and that a new trial ought to be granted.

In the former opinion we expressed some doubt as to whether it is necessary for the buyer, when the seller sends more goods than are ordered, to notify the seller of his refusal to accept on that ground. It may be that what we then said is open to doubt. Counsel refers us to the case of *Corning v. Colt*, 5 Wend., 253, and 2 Parsons on Contracts, 326. Mr. Parsons lays down the rule in these words: "If the buyer accepts and actually receives the goods with a knowledge of their deficiency in quality or quantity, and without objection, he waives all right of future objection on this ground." In other

words, proof of the buyer's neglect to give notice of his refusal becomes evidence of his acceptance in fact. And in *Corning v. Colt* the same doctrine seems to have been sustained. It was held, if the goods actually come to the possession of the buyer, or if a bill specifying the quantity and description be actually received by him, that he will be liable, unless he gives notice to the seller of his refusal to accept on account of the deficiency. Perhaps these authorities ought to govern our action when the question is presented. It is certainly very important that uniform rules in commercial transactions should prevail in the different states. But the question was not in strictness involved in the former decision; neither is it now. What we said was merely intended as the expression of a doubt. We did not then intend to conclude ourselves upon the point, and do not at this time. We leave it to be decided when it more fairly arises.

Judgment reversed, and a new trial awarded.